## Skulski v. Sawicki

*Vincent B. Mancini,* for plaintiff.
*Jon J. Auritt,* for defendants.

REED, JR., *J.,* November 26, 1979—

1. Plaintiff, John A. Skulski, is an individual residing at 3421 Commerce Avenue, Brookhaven, Delaware County, Pa., and is the duly elected Mayor of the Borough of Brookhaven.

2. Defendant, Janice Sawicki, is an individual residing at 4809 Shepherd Street, Brookhaven, Delaware County, Pa., and is a duly elected member of the Brookhaven Borough Council and is the designated President of said Council.

3. Defendant, Joan Arnold, is an individual residing at 3413 Janney Avenue, Brookhaven, Delaware County, Pa., and is the duly appointed Secretary of the Borough of Brookhaven.

4. Defendant, Borough of Brookhaven, is a municipal corporation organized and existing under the Pennsylvania Borough Code with a duly elected Borough Council under the said code.

5. The Borough of Brookhaven owns, operates and maintains a municipal building in Brookhaven, Pa.

6. The main floor of the municipal building contains separate rooms enumerated here, and which are restricted in use: (a) a magistrate's office; (b) a magistrate's hearing room; (c) a council meeting room; (d) an office for a state legislator; and (e) the Secretary's office for the Borough of Brookhaven.

7. Plaintiff, John A. Skulski, possesses keys only to the main entranceway of the municipal building and to the police department located in the basement of the said municipal building.

8. Plaintiff does not possess a key or free access to any offices and rooms located on the main floor of the Borough of Brookhaven Municipal Building, including, and pertinent to this litigation, the Borough of Brookhaven's Secretary's office.

9. The office of the Secretary of the Borough is the borough's business and records office for the administration of the borough.

10. Plaintiff's term as the Mayor of Brookhaven commenced on or about January 3, 1978.

11. The borough has provided the mayor with space, facilities and a secretary for his use in the official space provided for the borough's police department.

12. The mayor has received and receives separate copies of the Pennsylvania Borough Code, all borough ordinances, rules and regulations as and when adopted by the borough council, and such other pertinent materials as he requests. He has free access to the borough office during office hours.

13. Plaintiff has requested his own key and unrestricted access to the office of the borough secretary.

14. Plaintiff has been denied such access and key by vote of the borough council.

15. Plaintiff has not demonstrated any need or reasons to have unrestricted use of the borough council's office.

## CONCLUSIONS OF LAW

1. The Borough of Brookhaven has fulfilled its legal duty to provide the mayor with the means, facilities and instrumentalities to discharge his duties.

2. The borough council has a duty to secure, protect and maintain its records and the borough records.

3. The borough council has no duty or obligation to treat or respect the mayor as if he were a member of the borough council, which he is not.

4. The borough council has a right and duty to restrict the use of and access to the borough office to reasonable working hours, in a reasonable manner.

5. The restriction of free access to its office to its duly appointed secretary and its duly elected president is not unreasonable or improper, and the resultant denial of free access and a key to the mayor is reasonable and proper.

## DISCUSSION

Inherent in the discharge of its functions of government, a borough council must have the power, and indeed the duty, to protect its records and the borough records under its control: The Borough Code of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. §§46006(2),[1] 46111.[2]

It would be a breach of that responsibility for the council to leave such records unprotected. Therefore, in appointing a secretary who is keeper of such records, it is proper to establish a secured place or office as a repository. Beyond a duty to make its records available for public inspection during reasonable hours, it may, therefore, logically bar access to its office to any and all after the close of business, except to its secretary or to its own members, as it may designate.

1. The code reads: "To make and preserve records of its proceedings."

2. At this section, the code prescribes the duties of the Secretary in the past: ". . . shall preserve the records and documents of the borough . . ."

Here the mayor, whose authority and duty is set out in the code, 53 P.S. §§46028 and 46029,[3] seeks free and unrestricted access to the borough office. He shows neither right nor need for such a privilege. He claims he must look at contracts in off hours; if this is so, the remedy is to secure a copy of that contract, but we are unconvinced such a need legally exists. If he were granted the access he seeks, then why not the elected tax collector, the appointed building inspector, the chief of police, and so on? Furthermore, with open access, what becomes of the security and protection of the records?

We respect the position and power of borough council as duly elected representatives of the people, just as we respect the independent and separate position of the elected mayor. However, without a clear showing of unreasonable exercise of the council's power in barring access to its office and the borough records to other borough officials, or to the public, we should not, nor will we, interfere to make a council give unrestricted access to others than its own designees.

No mayor has the need, nor the right, to intrude upon the council's domain. Where he is provided with the instrumentalities with which to carry out his duties, as here, he has no further claim on council. He has no right to go into council's office during off-hours, as and when he pleases, to see, review, or go through their records. This becomes an attempted invasion into another governmental authority's domain without demonstrating either a reason or an overriding public necessity. The mayor's claim must be denied, and we will so order.

---

3. The code makes the mayor an enforcement officer of the borough, but gives him no powers as a councilman.

## ORDER

And now, November 26, 1979, for the reasons and findings set forth in the adjudication filed herewith, it is ordered and decreed nisi that the request of plaintiff, John A. Skulski, for equitable relief in this captioned suit in equity, be and the same is hereby denied and his complaint dismissed.

If no exceptions are filed hereto within ten days from the date hereof, this order and decree shall be and become the final decree in this suit.